■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT LUCKERSON, Appellant. [9 NYS3d 254]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered September 10, 2009, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.

The court properly exercised its discretion in granting the People's application, based on substantial security concerns, that potential spectators other than defendant's family be required to show identification or provide their names and dates of birth. This procedure was considerably less restrictive than the screening procedure in *People v Jones* (96 NY2d 213 [2001]), where the Court of Appeals recognized the procedure as implicating the right to a public trial. In *Jones*, "the court reserved the right to exclude based on its own evaluation of the explanation offered by any individual seeking admission" (*id.* at 218). Here, all potential spectators who identified themselves were to be automatically admitted, there was to be no "screening" process, and only those who insisted on remaining anonymous would have been excluded.

To the extent this minimal exclusion could be considered a partial closure of the courtroom (*see United States v Smith*, 426 F3d 567, 573-574 [2d Cir 2005], *cert denied* 546 US 1204 [2006]), we find that it satisfied all the elements set forth in *Waller v Georgia* (467 US 39, 48 [1984]). The People made a detailed and extensive ex parte showing of a serious threat to the safety of potential witnesses (*see People v Frost*, 100 NY2d

129 [2003]), including, among other things, a document bearing notations with ominous implications, recovered during the execution of a search warrant. Under the circumstances of the case, it was appropriate for the court to consider the People's ex parte affirmation, and its acceptance of the People's showing constituted adequate findings of fact (*compare People v Carr*, 25 NY3d 105 [2015]). The main purposes of the identification requirement were to record the identities of persons who attended the trial so as to provide leads to possible suspects in the event of harm to witnesses, and to deter such misconduct. The minimal restriction on entry was carefully tailored to achieve those purposes. Concur—Tom, J.P., Sweeny, Andrias, Moskowitz and Gische, JJ.